IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-10-00195-CV

No. 10-10-00196-CV

 

Gerardo Bazaldua,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 54th District
Court

McLennan County, Texas

Trial Court Nos. 1997-662-C2
and 1999-420-C2

 



MEMORANDUM  Opinion



 








On January 13, 2010, the trial court signed
orders in the underlying criminal cases for the payment of court costs out of
Appellant Gerardo Bazaldua’s inmate account pursuant to Texas Government Code
section 501.014.  On April 28, Appellant filed a motion to rescind and dismiss
those orders, and the trial court denied the motions on May 7.[1] 
Appellant filed notices of appeal on May 24.

A trial court retains plenary power to
grant a new trial or to vacate, modify, correct, or reform a judgment (or an otherwise
appealable final order) within thirty days after the judgment or order is
signed.  See Tex. R. Civ. P.
329b(d).  Appellant’s April 28 motions were filed after the trial court’s
plenary power as to the January 13 orders had expired.

The notices of appeal must have been
filed within 30 days after the January 13 orders were signed, (see Tex. R. App. P. 26.1(a)), or a motion
for extension of time to file notice of appeal must have been filed within 15
days after the deadline for filing the notice of appeal.  See Tex. R. App. P. 26.3.

We notified Appellant in a letter dated
June 8, 2010 that his appeals might be dismissed for want of jurisdiction
unless he filed a response within 21 days showing grounds for continuing the
appeals.  Appellant has not responded.  Nor has he alleged here or in the trial
court that he did not receive notice of the January 13 orders.  See Tex. R. Civ. P. 306a(4).  Appellant’s
notices of appeal were untimely to invoke our jurisdiction in a direct appeal,
and these appeals are dismissed
for want of jurisdiction.  See Tex. R. App. P.
42.3(a).

 

REX D. DAVIS

Justice

 

Before Chief
Justice Gray,

            Justice
Reyna, and

            Justice
Davis

            (Chief
Justice Gray dissenting)

Dismissed

Opinion delivered
and filed September 1, 2010

[CV06]









[1] The motions asserted, among other
things, that the costs had already been collected and paid out of Appellant’s
inmate account.